UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | COLLIER/CARTER |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 1:10-CR-75 |
| | ) | |
| ERNEST EUGENE FRADY | ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on December 6, 2010. At the hearing, defendant entered a plea of guilty to the lesser included offense in Count One of the Indictment, conspiracy to manufacture five grams or more of methamphetamine (actual), a Schedule I controlled substance, in violation of 21 USC §§ 846, 841(a)(1) and 841(b)(1)(B), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the lesser included offense in Count One of the Indictment be accepted, that the Court adjudicate defendant guilty of the charges set forth in the lesser included offense in Count One of the Indictment, and that the written plea agreement be accepted at the time of sentencing. I further recommend, based on a

finding of exceptional circumstances, that defendant shall remain on the same conditions of bond pending sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

The defendant's sentencing date is scheduled for **Friday, April 15, 2011, at 2:00 pm**.

*s/William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. §636(b).